E-FILED December 4, 2023

**MICHAEL J. HARKER, ESQ.**
Nevada Bar No. 005353
2901 El Camino Ave., Suite 200
Las Vegas, Nevada 89102
Mharker@harkerlawfirm.com
(702) 248-3000
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re.<br><br>DONALD SCOTT HERMAN<br><br>Debtors.<br>_____<br><br>DONALD SCOTT HERMAN, GRASS VALLEY HOLDINGS, LLP.. a Limited Liability Partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVIS ONE, INC., d/b/a/ BSI FINANCIAL SERVICES, a Corporation; MTC FINANCIAL INC., d/b/a TRUSTEE CORPS., a Corporation; MORGAN STANLEY DEAN WITTER CREDIT CORPORATION, a Corporation; and EAGLE NEST TRUST #10530, TRINITY CAPITAL LLC., a Limited Liability Company.<br><br>Defendants. | Chapter 13 Proceedings<br>CASE NO: 23-14385-mkn |

### ADVERSARY COMPLAINT

COMES NOW, Debtor DONALD SCOTT HERMAN by and though their attorney of record Michael J. Harker, Esq., and hereby submits the underlying ADVERSARY COMPLAINT in order to reimpose the automatic stay as follows.

1

herman.bk.adv.comp11.23mw.wpd

## INTRODUCTION

1. This is an action brought by the Plaintiff for a Declaratory Judgment, injunctive and equitable relief as provided for by Rules 2016(a), 3007, 7001(7) and 7001(9) of the Federal Rules Bankruptcy Procedure.

2. The Plaintiff seek injunctive relief under 11 U.S.C. 105(a).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1334. This proceeding is a core proceeding and jurisdiction is further proper pursuant to 28 U.S.C. § 157(b)(2). To the extent applicable, Plaintiff consents to the entry of final order(s) and judgment(s) by this Court on any non-core claims.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) because the bankruptcy case to which this action relates is pending before this Court in this District.

## PARTIES

5. Plaintiff DONALD SCOTT HERMAN is the Debtor in the underlying bankruptcy and owners of real property located at 10530 Eagle Nest Street, Las Vegas, NV 89141, Las Vegas, NV 89101 ("Subject Property") and has resided in said property since 2012 GRASS VALLEY HOLDINGS LLP., is the Owner of the property and DONALD SCOTT HERMAN is 100% owner of GRASS VALLEY HOLDINGS, LLP.

6. That upon information and belief, Defendant SERVIS ONE, INC., d/b/a/ BSI FINANCIAL SERVICES is the Servicer for Defendant MTC FINANCIAL INC., d/b/a TRUSTEE CORPS., on the property in question.

7. That MORGAN STANLEY DEAN WITTER CREDIT CORPORATION is the underlying Lender which purportedly holds the Note secured by the Deed of Trust on the property in question.

8. That MTC FINANCIAL INC., d/b/a TRUSTEE CORPS., is the Trustee that was conducting the foreclosure sale on behalf of the above referenced Defendants.

9. That EAGLE NEST TRUST #10530, TRINITY CAPITAL LLC., is the purported purchaser of the property in question and a foreclosure sale wrongfully conducted and as more fully set below.

10. Upon information and belief, Defendant is and was at all times continues to be the mortgagee of the Subject Property holding a note secured by a Deed of Trust on said property pursuant to a document recorded in 2012 with the Clark County recorders Office.

## CAUSE OF ACTION

11. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them by reference.

12. That Plaintiff GRASS VALLEY HOLDINGS LLP., is the legal owner of the property in question and is owned 100% by Plaintiff DONALD SCOTT HERMAN.

13. That GRASS VALLEY HOLDINGS LLP., has been the owner of said property since 2014.

14. That specifically, Plaintiff DONALD SCOTT HERMAN owned the property in his Trust.

15. That the Borrower was JENNIFER HALTEMAN who was fore a time, the significant other of the Plaintiff herein.

16. That JENNIFER HALTEMAN sold the property to Plaintiff DONALD SCOTT HERMAN who placed it in his Trust and ultimately transferred it to GRASS VALLEY HOLDINGS LLP.

17. That Defendant MORGAN STANLEY DEAN WITTER CREDIT CORPORATION has been the holder of the promissory Note in question.

18. That Defendant MTC FINANCIAL INC., d/b/a TRUSTEE CORPS., is the Trustee conducting the foreclosure proceedings.

19. That Defendants have been attempting to foreclose on the property in question for a substantial amount of time.

20. That Plaintiff DONALD SCOTT HERMAN had been in the process of paying for many years, the payment from the Deed of Trust executed in 2012.

21. That Defendants accepted said payments and were very well aware that Plaintiff resided in the property and was making the payments.

22. That indeed, the Plaintiff actually received correspondence from the Defendants directed to him at the address in question.

23. That for some reason the Defendants stopped taking the payments from Plaintiff DONALD SCOTT HERMAN.

24. That Defendants were extremely aware that Plaintiff resided in the property and was the owner of the property.

25. That additionally, Plaintiff DONALD SCOTT HERMAN and Plaintiff GRASS VALLEY HOLDINGS LLP., paid 100% of the insurance on the property in question since 2012 and have been paying the HOA fees.

26. That it should also be noted that Plaintiff DONALD SCOTT HERMAN and his Son that resides with him are disabled.

27. That Plaintiff GRASS VALLEY HOLDINGS LLP., filed a bankruptcy case number 22-14484-abl which was ultimately dismissed by the Honorable Judge Landis.

28. That subsequently, DONALD SCOTT HERMAN filed his first bankruptcy case number 23-11323-mkn.

29. That unfortunately, DONALD SCOTT HERMAN fell behind on his payments and inadvertently sent a payment to secured creditor and did not cure the conditional order of the Trustee and the case was dismissed.

30. That within said bankruptcy, the Defendant SERVIS ONE INC., filed a Proof of Claim (Claim #9-1) alleging that the Debtor owed secured creditor monies in question.

31. That once again, this established that secured creditor was very well aware that DONALD SCOTT HERMAN had a claim to the property and had been making payments on the property.

32. That DONALD SCOTT HERMAN filed the underlying bankruptcy and the two payments that had been made in the previous bankruptcy were placed in the underlying bankruptcy.

33. That there is currently $3,200.00 in payments in the underlying bankruptcy.

34. That notwithstanding the same, the underlying bankruptcy was filed on or about October 5, 2023 one day before the foreclosure sale.

35. That the Notice of the bankruptcy was sent to both Nevada Legal News and to MTC FINANCIAL INC., d/b/a TRUSTEE CORPS.

36. That notwithstanding the same, and having been 100% aware that DONALD SCOTT HERMAN had filed the bankruptcy, the foreclosure occurred.

37. That within DONALD SCOTT HERMAN's Schedules in both the previous bankruptcy and the bankruptcy that was currently filed, DONALD SCOTT HERMAN listed himself as 100% owner of GRASS VALLEY HOLDINGS LLP., and alleged an interest in the property in question.

38. That the Schedules in both bankruptcies showed his interest in the property.

39. That indeed, the previous bankruptcy was filed to also stop the foreclosure sale and the Defendants stayed any and all foreclosure proceedings.

40. That said Defendants were very much aware of the stay as a result of DONALD SCOTT HERMAN'S bankruptcies and stayed the foreclosure in the previous bankruptcy and filed a Proof of Claim.

5

herman.bk.adv.comp11.23mw.wpd

41. That in the underlying bankruptcy inasmuch as it was DONALD SCOTT HERMANS second bankruptcy, the automatic stay was good for thirty days.

42. That Plaintiff DONALD SCOTT HERMAN filed a Motion to extend automatic stay which was ultimately granted by the Court.

43. That notwithstanding the same and having provided the same to the Defendant, the Defendants have refused to set aside the foreclosure sale.

44. That indeed, Defendant SERVIS ONE, INC., d/b/a/ BSI FINANCIAL SERVICES has initiated eviction proceedings by placing a Transfer of Ownership on the door and alleging that Plaintiff provide proper evidence of a lease before proper eviction proceedings begin.

45. That said entity purchased the property knowing that the Plaintiff filed the underlying bankruptcy and there would be an issue regarding the sale of the property.

### FIRST CAUSE OF ACTION
### (Injunctive Relief)

46. That Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1 through 45 and further alleges as follows.

47. That clearly the automatic stay applied to the foreclosure when DONALD SCOTT HERMAN individually filed the bankruptcy and represented his ownership interest in the property and the fact that he resided in the property in question.

48. That as set forth above, GRASS VALLEY HOLDINGS, LLP., is the owner of the property which is solely owned by DONALD SCOTT HERMAN both of which is disclosed in the Schedules and Statements in both bankruptcies.

49. That the Defendant was very well aware of DONALD SCOTT HERMAN interest by actually accepting payments from him, sending notices to him and actually sending statements to him.

///

50. That additionally, as set forth above, in the previous bankruptcy, Defendant filed a Proof of Claim acknowledging DONALD SCOTT HERMANS interest in the property.

51. That Plaintiff has a reasonable probability of success son the merits of the case for which compensatory damages are not available and Plaintiff is requesting that the Court enjoin any eviction proceedings and set aside the foreclosure which occurred in violation of the automatic stay.

52. That Plaintiff has been required to retain the services of Michael J. Harker, Esq., a duly licensed attorney and is entitled to recover reasonable attorneys fees for having brought the underlying action.

### .SECOND CAUSE OF ACTION
### (Sanctions for Violation of the Automatic Stay)

53. That Plaintiff realleges and reaffirms the allegations set forth in paragraphs 1 through 52 and further alleges as follows.

54. That Plaintiff is furthermore requesting that the Court issue sanctions against Defendants and each of them for violation of the automatic stay by willfully and knowingly foreclosing on the property in question.

55. That DONALD SCOTT HERMAN who is 100% owner of GRASS VALLEY HOLDINGS LLP., filed the bankruptcy to stop the foreclosure sale.

56. That Plaintiff has had to take numerous trips to the hospital and has been threatened eviction.

57. That Plaintiff is requesting damages in the amount of $25,000.00.

58. That Plaintiff is furthermore requesting punitive damages in an amount in excess of $25,000.00.

59. That Plaintiff has been required to retain the services of Michael J. Harker, Esq., a duly licensed attorney and is entitled to recover reasonable attorneys fees for having brought the underlying action.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court grant the following relief:

1. An injunction under 11 U.S.C. 105(a) that enjoins the Defendant from foreclosing upon the subject property:

2. For declaratory relief finding that Defendant Plaintiff GRASS VALLEY HOLDINGS LLP., is the owner of the property and that DONALD SCOTT HERMAN properly filed the bankruptcy disallowing the foreclosure of the property disallowing the sale.

3. For damages in the amount of $25,00.000

4. For punitive damages in an amount of $25,000.00

5. Any and all other relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED this 4th day of December, 2023.

**Law Office of Michael J. Harker, Esq.**

By /s/ Michael J. Harker
**MICHAEL J. HARKER, ESQ.**
Nevada Bar No. 005353
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000

### DECLARATION

STATE OF NEVADA      )
                     ) SS
COUNTY OF CLARK      )

DONALD SCOTT HERMAN, being first duly sworn, depose and say: That Declarant is the Debtor/Plaintiff in the above-entitled action; that Declarant has read the foregoing ADVERSARY COMPLAINT, know the contents thereof, and that the same is true except for those statements made upon information and belief and as to those matters Declarant believes them to be true.

 /s/ Donald Scott Herman
**DONALD SCOTT HERMAN**

9    herman.bk.adv.comp11.23mw.wpd