**MICHAEL J. HARKER, ESQ.**
Nevada Bar No. 005353
2901 El Camino Ave., Suite 200
Las Vegas, Nevada 89102
Mharker@harkerlawfirm.com
(702) 248-3000
Attorney for Debtor

E-FILED February 7, 2024

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Bankruptcy Case No. 23-14385-mkn |
| DONALD SCOTT HERMAN, | Adversary No. 23-01153-mkn |
| Debtor. | Chapter 7 |
| _____ | Hearing Date: February 21, 2024 |
| DONALD SCOTT HERMAN; GRASS VALLEY HOLDINGS, LLP, a limited liability partnership, | Hearing Time: 9:.30 a.m. |
| Plaintiffs, | |
| v. | |
| SERVICES ONE, INC., d/b/a/ BSI FINANCIAL SERVICES, a Corporation; MTC FINANCIAL INC., d/b/a/ TRUSTEE CORPS., a Corporation; MORGAN STANLEY DEAN WITTER CREDIT CORPORATION, a Corporation; and EAGLE NEST TRUST #10530; TRINITY CAPITAL LLC., a Limited Liability Company, | |
| Defendants. | |

**OPPOSITION TO MOTION TO DISMISS FILED BY SERVIS ONE, INC., d/b/a/ BSI FINANCIAL SERVICES**

COMES NOW, DONALD SCOTT HERMAN; GRASS VALLEY HOLDINGS, LLP, , by and through their attorney of record, MICHAEL J. HARKER ESQ., and hereby submits the underlying OPPOSITION TO MOTION TO DISMISS FILED BY SERVIS ONE, INC., d/b/a/ BSI FINANCIAL SERVICE. This Opposition is made and based on the points and authorities below, the

papers and pleadings on file herein, and any and all oral argument allowed by the Court at the time of hearing.

## FACTS

Defendant filed a Motion to Dismiss alleging that pursuant to F.R.C.P 12(b)(6), Plaintiff fails to state a claim upon which relief can be granted. The Defendant first sets forth the fact that GRASS VALLEY HOLDINGS, LLP, owns the property in question which is a defunct corporation and that therefore, based on the same, the underlying case cannot go forward.

Defendant furthermore sets forth the fact that Plaintiffs claims for sanctions cannot be sustained nor injunctive relief inasmuch as that is not a cause of action. Plaintiff would dispute the same but furthermore, has filed the underlying action to seta side the foreclosure sale as a violation of the automatic stay and that is the reason for the underlying Complaint.

## LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. See <u>North Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F 2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the Complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim , the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. See <u>NL Indus., Inc. v. Kaplan</u>, 792, F.2d 896, 898 (9th Cir. 1986).

/ / /

/ / /

MICHAEL J. HARKER
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax (702) 425-7290

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. "<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See <u>DeSoto v. Yellow Freight Sys., Inc</u>., 957 F. 2d 655, 658 (9th Cir. 1992).

## **ARGUMENT**

Plaintiff clearly believes pursuant to F.R.C.P (12)(b)(6) that they have stated a claim for which relief can be granted. GRASS VALLEY HOLDINGS, LLP, has held ownership of the property since 2013 after being transferred from the HERMAN FAMILY TRUST. Said transfers are attached as "Exhibits 2 and 3" to Defendants Motion to Dismiss.

The issue here is whether the Plaintiff has the ability to bring the underlying action which clearly he believes he does. Plaintiff has lived in the property since approximately 2012. Plaintiff has had an ownership interest in the property since 2012. As set forth by the Plaintiff itself, Plaintiffs family trust owned the property and then he transferred it to GRASS VALLEY HOLDINGS, LLP, which he was the sole member of said Limited Partnership.

Additionally, Plaintiff will be able to prove that he sent numerous payments to the holder of the first Deed of Trust which were accepted until they weren't. Notwithstanding, for purposes of the Motion to Dismiss, Plaintiff clearly has an ownership interest in the property and the Defendant is very well aware of the same. This is not the Plaintiffs first bankruptcy. Plaintiff filed a previous bankruptcy, case number 23-14385-mkn, with this Court which was dismissed for failure to make Plan payments. Notwithstanding, prior to dismissal, the Defendant in this case filed a proof of claim (See "Exhibit 1"). The Defendant clearly alleged monies due and owing from the Plaintiff. Why would a proof of claim be filed if monies were not due and owing?

1　　　　More importantly, Plaintiff acknowledged his ownership interest in the property in both his previous bankruptcy and his current bankruptcy by alleging his ownership interest in GRASS VALLEY HOLDINGS, LLP,. Notwithstanding, said disclosures once again, Defendant having accepted payments and having acknowledged Plaintiffs ownership interest in the property, filed a proof of claim. Additionally, Defendant objected to the original Plan filed by Plaintiff (See "Exhibit 2").

　　　　All in all, it is far too early to dismiss the underlying action based on the representations of the Defendant that the relief sought cannot be had. Should the Court feel that the Plaintiff has not brought sufficient allegations, or properly plead the same, Plaintiff would then request that the Court allow an amendment of the Complaint to address these issuers. Having said that, Plaintiff clearly believes that he does have a cause of action, that he has alleged an ownership interest, that the Defendant has acknowledge said ownership interest, and therefore, violated the automatic stay by foreclosing on the property after the Plaintiff had filed the bankruptcy.

　　　　It was a second bankruptcy filed within a one year period and therefore, the automatic stay was only valid for one month. However, the Plaintiff filed a Motion to Extend the Automatic Stay which was granted by this Court. (See Docket #28). Therefore, the stay was in effect when the foreclosure occurred and the question is whether the stay should have stopped the foreclosure sale and clearly the answer to this question is yes. Plaintiff lived in the property, Plaintiff listed the property in both bankruptcies, listed as ownership interest in GRASS VALLEY HOLDINGS, LLP, and listed an equitable interest in the property in question.

　　　　Once again, Defendant knew the same by filing a Proof of Claim in the previous bankruptcy and objecting to the proposed Plan.

/ / /

4

hermand.adv.bk.opp2mot2dismiss02.24mw.wpd

## CONCLUSION

Pursuant to the points and authorities above, Debtor requests that the Court deny the Motion to Dismiss.

Dated: February 7, 2024.

                    Respectfully submitted by,

                    /s/ Michael J. Harker
                    MICHAEL J. HARKER, ESQ.
                    2901 El Camino Ave., #200
                    Las Vegas, NV 89102
                    Attorney for Debtor/Plaintiff

MICHAEL J. HARKER
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax (702) 425-7290

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of MICHAEL J. HARKER, ESQ., and that on the 7th day of February, 2024, I caused the foregoing documents, entitled OPPOSITION TO MOTION TO DISMISS FILED BY SERVIS ONE, INC., d/b/a/ BSI FINANCIAL SERVICE to be served as follows:

[x]　by placing a copy of the same for mailing in the United States mail, with first class postage prepaid addressed to attached creditor matrix; and/or

[ ]　by causing a copy to be sent via facsimile at the number(s) listed below; and/or

[ ]　by hand delivering a copy to the party or parties as listed below:

　　　　　　　　　　　　　　　　　　　/s/ Mandi Wonders
　　　　　　　　　　　　　　　　**MANDI WONDERS**, Legal Assistant of
　　　　　　　　　　　　　　　　Michael J. Harker, Esq.

NATHAN F. SMITH, #12642
MALCOLM   CISNEROS, A Law Corporation
7473 W. Lake Mead Blvd., #100
Las Vegas, NV 89128

# # #

6　　　　hermand.adv.bk.opp2mot2dismiss02.24mw.wpd